[No. B208427. Second Dist., Div. Three. Dec. 4, 2008.]

In re GARABET TOKHMANIAN on Habeas Corpus.

COUNSEL

Marc Elliot Grossman, under appointment by the Court of Appeal, for Petitioner Garabet Tokhmanian.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Heather Bushman and Amanda Lloyd, Deputy Attorneys General, for Respondent and Appellant State of California.

OPINION

**CROSKEY, Acting P. J.**—A prisoner serving an indeterminate life term for murder was granted parole by a parole consideration panel (the panel). Concluding that a procedural error took place at the hearing before the panel, the Board of Parole Hearings (the board) disapproved the panel's decision, and directed that a new parole hearing be scheduled. The prisoner sought relief from the board's decision by means of a petition for habeas corpus. Concluding that the board's decision was in error, the trial court vacated the board's decision granting rehearing and reinstated the panel's decision granting parole. Within 30 days of the trial court's decision, the Governor reversed the grant of parole. The prisoner again sought relief by means of a petition for habeas corpus. The trial court concluded that the Governor's decision was untimely, and granted the petition. The prison warden appeals. We conclude the Governor's decision was timely, and therefore reverse.

## CONTROLLING LAW

██ Before discussing the undisputed facts of this case, a brief outline of the parole review process is helpful. Inmates are granted parole consideration hearings before panels. While panel decisions often indicate that they "grant" parole, this is not technically correct. Panel decisions "are proposed decisions [which] shall be reviewed prior to their effective date." (Cal. Code Regs., tit. 15, § 2041, subd. (a).) Any decision of a panel finding an inmate suitable for parole "shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision. The panel's decision shall become final . . . unless the board finds that the panel made an error of law, or that the panel's decision was based on an error of fact, or that new information should be presented to the board, any of which when corrected or considered by the board has a substantial likelihood of resulting in a substantially different decision upon a rehearing. In making this determination, the board shall consult with the commissioners who conducted the parole consideration hearing. No decision of the parole panel shall be

disapproved and referred for rehearing except by a majority vote of the board, sitting en banc, following a public hearing." (Pen. Code, § 3041, subd. (b); see Cal. Code Regs., tit. 15, § 2041, subd. (h).)

With respect to parole decisions for prisoners sentenced to indeterminate terms for murder, the Governor possesses ultimate authority to affirm, modify, or reverse the decisions. (Cal. Const., art. V, § 8.) In order to allow the Governor time to act, no decision granting, denying, revoking, or suspending parole for such a prisoner is final for a period of 30 days. (*Ibid.*; Pen. Code, § 3041.2.) The 30-day period commences on the effective date of the panel's decision. (*In re Arafiles* (1992) 6 Cal.App.4th 1467, 1474 [8 Cal.Rptr.2d 492].) As the panel's decision granting parole is not effective for 120 days to allow the board time to act, the Governor's 30-day period does not begin until *after* that time. With this background, we now turn to the facts of this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 1985, Garabet Tokhmanian was sentenced to an indeterminate term of 15 years to life for second degree murder,[1] plus an additional two years for the use of a firearm. Beginning in 1998, he had a series of parole hearings. While the panel found Tokhmanian suitable for parole on several occasions, the panel's decisions were repeatedly reversed by the Governor. This case concerns the October 5, 2006 parole hearing. On that date, the panel again found Tokhmanian suitable for parole.

On February 2, 2007, before the 120-day period for board review had elapsed, the board issued a decision disapproving the panel's grant of parole and directing the board to schedule a rehearing on the next available calendar. The basis for the board's action was that the board had failed to give notice to the murder victim's next of kin prior to the parole hearing, as required by Penal Code section 3043. Although the board disapproved the panel's decision and set the matter for rehearing, the board did not do so by a majority vote following a public hearing. Instead, the executive officer of the board concluded that the panel's decision was disapproved "[b]y operation of law."[2]

---

[1] Although Tokhmanian was convicted of second degree murder, there was evidence that the murder was premeditated. Before shooting his victim, Tokhmanian went to a neighbor's apartment to obtain a gun; he forcibly struggled with his neighbor to get the gun, even as the neighbor attempted to remove bullets from the gun. When his victim was not where Tokhmanian had left him, he went searching for the man. Tokhmanian found his victim several minutes later, and shot him in the back.

[2] There is a "general doctrine that unless permitted by statute, an administrative agency may not reopen or reconsider an adjudicative decision. [Citation.] But this rule does not preclude an agency from rescinding a decision that exceeded its jurisdiction. 'In such a case, the power to

Tokhmanian believed the board's decision was improper. On February 14, 2007, his counsel contacted the board, indicating that counsel would not "permit [Tokhmanian] to attend further hearings until this matter is resolved." Counsel sought the legal and factual basis for the board's decision. On February 26, 2007, Tokhmanian's counsel wrote the legal affairs secretary for the Governor, alleging outrageous treatment of Tokhmanian and asking that the decision be transmitted to the Governor.

Receiving no satisfaction, Tokhmanian filed a petition for writ of habeas corpus, challenging the board's decision. On November 21, 2007, the trial court issued its order granting the petition. The trial court concluded that the failure to give notice to the victim's next of kin constituted an error of law,[3] and that the board was required to follow the procedures of Penal Code section 3041 before granting relief for an error of law. Specifically, the court concluded that the board should have held a public hearing, sitting en banc, and consulted with the commissioners who were on the panel. Moreover, the court concluded that it was not substantially likely that resolution of the legal error (i.e., providing notice to the victim's next of kin) would have resulted in a substantially different result on rehearing. As such, the trial court "vacated" the board's "invalid" February 2, 2007 disapproval of the panel's decision, and "reinstated" the October 5, 2006 decision of the panel.

On December 20, 2007, within 30 days of the trial court's order reinstating the panel's decision, the Governor reversed the panel's decision finding Tokhmanian suitable for parole. Tokhmanian does not challenge the substance of the Governor's decision; he challenges only its timing.

On January 9, 2008, Tokhmanian filed a "request for immediate release," which the trial court treated as a second petition for writ of habeas corpus. Tokhmanian argued that the 120-day period for board review of the panel's October 5, 2006 decision ended on February 2, 2007, and that the 30-day period for gubernatorial review lapsed 30 days later, on March 4, 2007.[4]

---

act legally has not been exercised, the doing of the void act is a nullity, and the board still has unexercised power to proceed . . . .' " (*Helene Curtis, Inc. v. Los Angeles County Assessment Appeals Bds.* (2004) 121 Cal.App.4th 29, 39–40 [16 Cal.Rptr.3d 658].) While the record does not disclose the authority under which the board disapproved of the panel's decision without a public hearing, it may be that the board concluded that the panel had no jurisdiction to act in the absence of notice to the victim's next of kin.

[3] In his brief on appeal, Tokhmanian suggests that the evidence indicates that the victim's next of kin were properly noticed. Yet the trial court, which has ruled in his favor, stated, "The [b]oard committed an error of law by failing to notify the victim's next of kin as required by statute."

[4] In his brief on appeal, Tokhmanian states that, in response to the board's disapproval, his counsel "asked the [b]oard to forward its 2006 decision to the Governor for a timely review." His counsel's letter to the board did no such thing. His counsel's February 26, 2007 letter to

Tokhmanian argued that the intervening board disapproval could not toll the time period for review, as the board's act had been statutorily unauthorized.

On May 27, 2008, after briefing, the trial court issued its decision granting the petition. The trial court concluded that the unauthorized action by the board did not extend the Governor's 30-day period for review. As such, the court concluded that the Governor's December 20, 2007 decision was void as time-barred. The court ordered Tokhmanian's release from prison. The Attorney General, on behalf of the warden of the prison where Tokhmanian is incarcerated, filed a timely notice of appeal.

Appellant filed a petition for writ of supersedeas, seeking to stay the court's order pending resolution of this appeal; that petition was granted. Tokhmanian's request to expedite proceedings was also granted.

## *ISSUE ON APPEAL*

A single question is presented by this appeal, based on undisputed facts: Did the Governor's 30-day period to review the grant of parole to Tokhmanian commence 120 days after the panel's decision regardless of the board's action, or did it commence when the trial court reinstated the panel's decision? As we conclude it commenced when the trial court reinstated the panel's decision, we reverse.

## *DISCUSSION*

California Constitution, article V, section 8, subdivision (b) provides, in pertinent part, "No decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provided by statute." In *In re Arafiles, supra,* 6 Cal.App.4th at page 1474, the court held that this 30-day period "commences on the effective date of the [board's] decision."

When the board affirms the proposed decision of the panel to grant parole, the decision becomes effective 120 days after the panel's decision. This was

---

the Governor's legal affairs secretary did ask that she "take appropriate action to have the decision sent to the Governor," but made no suggestion that counsel believed the Governor had *six days from the date of the letter* in order to review the grant of parole, or otherwise be forever barred from doing so.

the case in *In re Arafiles.*[5] (*In re Arafiles, supra*, 6 Cal.App.4th at pp. 1473–1474.) In the instant case, however, the board disapproved the panel's decision and directed that a rehearing be conducted. In other words, on February 2, 2007, the date of the board's decision, the panel's decision *did not* become effective, as the board had disapproved it. The panel's decision remained ineffective until the trial court reinstated it on November 21, 2007. Thus, the 30-day period did not commence until November 21, 2007, and the Governor's December 20, 2007 reversal was timely.

Tokhmanian argues, however, that because the board's decision was statutorily unauthorized, it could have no legal effect on the running of the time periods. We disagree. Preliminarily, we note that the trial court's order on Tokhmanian's initial habeas corpus petition did not state that the board's decision was void *ab initio*. Instead, the trial court merely *vacated* the board's decision as invalid and *reinstated* the panel's decision. As such, the trial court's order reflects an understanding that the board's decision, although erroneous, prevented the panel's decision from taking effect.

■ Moreover, Tokhmanian would have the Governor review a panel's proposed decision granting parole when there is an existing board decision disapproving it, on the basis that the Governor should recognize when the board's decision is legally invalid and therefore disregard it. Yet, whether the board's decision setting a matter for rehearing is legally correct is a matter for the courts to decide. Article V, section 8 of the California Constitution grants the Governor power to review board decisions "with respect to the granting, denial, revocation, or suspension" of parole, but not the power to review board decisions directing rehearings in parole matters. Tokhmanian would have the Governor conduct a legal review of all cases in which the board has directed a rehearing of a panel finding of parole suitability, and then exercise his power to review the underlying panel's grant of parole in those cases in which he concludes the board has acted illegally in granting a rehearing. If the Governor's determination that the grant of rehearing was illegal is later determined by a court to have been erroneous, the Governor would have reviewed a grant of parole that was not yet final, in excess of his constitutional powers. If the Governor's determination that the grant of rehearing was legally correct is later determined by a court to have been erroneous, the Governor would have lost his constitutional right to review a grant of parole based on his misinterpretation of the law. This is nonsense. It is the judicial branch, not the executive branch, which determines whether the board has erred in granting a rehearing. The Governor's power to review a

---

[5] *In re Arafiles* took place when the board had only 60 days within which to review the panel's decision. (*In re Arafiles, supra*, 6 Cal.App.4th at p. 1473.) This has no effect on the analysis in this case.

parole decision begins only when the decision is *effective*, whether due to lapse of time, board approval, or court action.

■ In this case, the grant of parole did not become effective until the trial court reinstated it. The Governor's reversal, within 30 days of that date, was timely.

## DISPOSITION

The judgment of the trial court granting Tokhmanian's petition for writ of habeas corpus is reversed.

Kitching, J., and Aldrich, J., concurred.

Petitioner's petition for review by the Supreme Court was denied March 11, 2009, S169536.